**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TRAVIS BRONSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-61-AGF |
| | ) | |
| CHARITON COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self represented plaintiff Travis Bronson for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. The Court has determined to grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff filed his motion for leave to proceed *in forma pauperis* without providing a certified copy of his inmate account statement.  The Court directed him to submit a copy no later than December 16, 2023.  ECF No. 5.  The time for plaintiff to comply has passed.  Based upon the information provided in his Affidavit in Support of Request to Proceed *In Forma Pauperis*, ECF No. 2, the Court will assess an initial partial filing fee of $1.00, which is an amount that is reasonable based upon the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  If plaintiff is unable to pay the initial partial filing fee, he *must* provide the Court with a certified inmate account statement.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); s*ee also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that the court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording self-represented complaints the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff originally filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri, Central Division. ECF No. 1. On October 25, 2023, this action was transferred to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to the federal venue statute, 28 U.S.C. § 1391(b). ECF No. 3.

The complaint names one defendant, the Chariton County Sheriff's Office in Keytesville, Missouri. Plaintiff's Statement of Claim alleges the following in its entirety:

3

> Was kept in holding cell for over 1 year.  [T]ried to represent myself [but] could
> not file any motion.  [T]ried habeas corpus was fed slugs with toxins, semen, and
> other stuff.  No rec time for over 6 months.  [T]he law states class D felony is up to
> 1 year in county or up to 4 years in prison and I have done over a year in county.

*Id.* at 5.  He describes his injury as the development of an anxiety disorder.  For relief, plaintiff

requests $1,000,000,000,000.00 in money damages "for obstructing justice and mistreatment."  *Id.*

Plaintiff includes a one-page attachment to his complaint in which he provides additional

details.  He states he was arrested by Missouri Highway Patrol "whilst on [his] way to the CIA HQ

in Langley, VA with sensitive information regarding the security of the nation."  ECF No. 1-1.  He

alleges he was taken to the Chariton County Sheriff's Office where he stayed for 413 days.  *Id.*

He claims he "was fed slugs" until the County appointed a new Sheriff.  *Id.*  During his time in the

Jail, he alleges he was denied recreation and exercise.  *Id.*

## Discussion

Plaintiff's claims against the Chariton County Sheriff's Office are subject to dismissal

because municipal departments, such as local sheriff's departments, are not suable entities under

§ 1983.  *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or

subdivisions of local government are "not juridical entities suable as such"); *Owens v. Scott Cty.

Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit");

*De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district

court dismissal of county jail and sheriff's department because they are not suable entities).

Plaintiff's complaint does not name the individuals who allegedly violated his constitutional rights.

Because Chariton County Sheriff's Office is not a suable entity and plaintiff has not linked any of

his allegations regarding violations of his constitutional rights to a specific defendant(s), the

complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.

4

In consideration of plaintiff's self-represented status, the Court will give him the opportunity to submit an amended complaint.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring.  *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.  The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name.  In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one,

separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.

Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff must not amend a complaint by filing separate documents.  Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.  If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint in accordance with the instructions in this Memorandum and Order within **thirty (30) days from the date of this Order**.  Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**Plaintiff's failure to timely comply with this Memorandum and Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 22nd day of January, 2024.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE