UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TRAVIS BRONSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-61-AGF |
| | ) | |
| CHARITON COUNTY SHERIFF'S OFFICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the following reasons, this action will be dismissed without prejudice.

Plaintiff originally filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri, Central Division. ECF No. 1. Plaintiff sued the Chariton County Sheriff's Office for $1,000,000,000,000.00 in money damages for alleged unconstitutional conditions of confinement. On October 25, 2023, the action was transferred to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to the federal venue statute, 28 U.S.C. § 1391(b). ECF No. 3.

On January 22, 2024, this Court granted plaintiff leave to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 6. Upon such review, the Court determined his claims against the Chariton County Sheriff's Office were subject to dismissal for failure to state a claim and legal frivolity. The Court explained that a municipal department, such as a local sheriff's office, is not a suable entity under § 1983. *Id.* at 4. In consideration of plaintiff's self-represented status, the Court provided him with the opportunity to submit an amended complaint in order to link his allegations to specific individuals and provided him

detailed instructions on how to format his amendment. Plaintiff's amendment was due within thirty days, or no later than February 21, 2024.

As of the date of this Memorandum and Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's January 22, 2024 Memorandum and Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of April, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE